## CLEVELAND RAILWAY CO v TRONSTEIN

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10780. Decided May 5, 1930

Squire, Sanders & Dempsey, Cleveland, for Ry. Co.

C. E. Gilden and R. H. Kaplan, Cleveland, for Tronstein.

VICKERY, PJ.

Now it is claimed that she was in a position to drive off of this track at any time and that she stayed there and in so doing she was guilty of such contributory negligence as would bar her, as a matter of law, from recovering.

Of course, she did not get on to the railroad tracks negligently for she had the right to go across the street in order to turn to go into her yard; and if she could have driven off the car tracks without any danger to herself and she let the car stand there in the face of oncoming danger when she could have avoided a collison by driving off, the proposition would undoubtedly be

true and she would not be able to recover because of her contributory negligence.

Now, the evidence in this case shows that a street car coming as far up as Lee Road could have seen her. Apparently the motorman did see her for he rang his gong, but perhaps he did so because the taxicab was attempting to pass by the street car, but why he should ring his gong for that would not be clear. It would be clear, however, if he rung his gong for this woman who was sitting in her automobile on the tracks ahead of him. Of course, the motorman could not tell just why she stood there, as he probably did not see the taxicab that was coming alongside of him.

Now, the motorman apparently did not put on his brakes or sand until he got within forty feet of the plaintiff's automobile, and that distance was too short in which to stop the street car and so it crashed into the automobile.

While in a measure the doctrine of last clear chance was not involved because, as already stated, she was not guilty of any negligence in going on to that track; if, however, she could have gotten off and did not, she would be guilty of negligence, and if the motorman on the street car could see her far enough away to have gotten his car under control, anticipating that she was stalled or something had happened to her car, he could have easily stopped his car before he came in contact with this automobile; and so, upon an analysis, the doctrine of last clear chance was involved in this case.

Of course, the excuse of the motorman was and undoubtedly is, that he saw this woman sitting in her automobile, that the motor was running and that all she had to do was to put on the gas to get out of his way. That was undoubtedly the theory which induced the motorman to go forward and not stop his car or put on the sand farther back.

But, under all the circumstances, we could not say that this woman was guilty of contributory negligence as a matter of law that would prevent her from having her case go to the jury. It seems to us that a jury question was fairly involved. Her explanations seems to explain the reason why she was there and, of course, she had the right to be there. It was a public street and she had the right to use it; and if she was there on the track long enough so that the Railroad Company, by the exercise of ordinary care under the circumstances could have prevented this injury by slackening the speed of the street car, it was its duty so to do, and if it did not do it, then it would be responsible for whatever injuries occurred, notwithstanding that she may have been originally guilty of negligence in going into a place of danger. In other words, it seems to us that the whole question was a jury question, and it having been submitted to the jury properly and the jury having found for the plaintiff in not a large sum,—we think the evidence shows that she was injured at least to the extent that the jury found her to have been injured and, inasmuch as the damage to the car as already stated, was one hundred dollars and her personal injury damage was but four hundred dollars,—we do not feel that the jury was so far wrong that we would be justified in disturbing the verdict.

There being no error in this record which would warrant us in reversing this case, the judgment will be affirmed.

Sullivan and Levine, JJ, concur.